**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.

   *Plaintiff*,

     v.        No. 15-cv-321 (CKK)

U.S. DEPARTMENT OF STATE,

   *Defendant*.

**DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF ITS**
**MOTION FOR DESIGNATION OF COORDINATING JUDGE**

  Defendant United States Department of State (the "Department") hereby moves to stay the proceedings in this case pending resolution of the Department's motion to designate a coordinating judge for more than 30 cases in this District that implicate the search and production of responsive, non-exempt documents that were provided to the Department by former Secretary of State Hillary Clinton and certain other former employees (including former Deputy Chief of Staff Huma Abedin) and, should the motion be granted, pending the determination of the Coordinating Judge. *See* Def.'s Notice of Mot. for Designation of Coordinating Judge, Sept. 3, 2015, ECF No. 14; *In Re: U.S. Dep't Of State FOIA Litig. re Emails of Certain Officials*, Misc. No. 15-1188 (D.D.C. Sept. 2, 2015) ("Coordination Motion").

  Specifically, the Department seeks a stay of the requirement to submit a joint status report by September 11, 2015, as set forth in the Court's order of August 13, 2015. (ECF No. 13). In the parties' joint status report of August 13, 2015, the Department informed the Court that it had completed its search of components it determined are reasonably likely to maintain responsive records. The Department also informed the Court that based on a letter from Ms.

Abedin's counsel it expected to receive additional materials from Ms. Abedin on or before August 28, 2015. These additional materials may contain documents responsive to Plaintiff's FOIA request. Based on this information, the parties proposed to meet and confer prior to September 11, 2015, to discuss the search of these additional materials and a possible production schedule for any of the materials responsive to Plaintiff's FOIA request. Because the Abedin materials are at issue in numerous FOIA cases in this District, however, the Department proposes a stay of these proceedings so a coordinating judge can approve a timeline for the search of the Abedin materials. The Coordinating Judge, with visibility into each coordinated case, would be in the best position to balance the needs of the different FOIA requestors in these cases with each other and with the burdens on the Department.

## BACKGROUND

This case involves Plaintiff's FOIA request to the U.S. Department of State seeking:

1) Any and all records of communication between Secretary of State Hillary Clinton and Nagla Mahmoud, wife of ousted Egyptian president Muhammad Morsi, from January 21, 2009 to January 31, 2013; and

2) Any and all records of communication between former State Department Deputy Chief of Staff Huma Abedin and Nagla Mahmoud from January 21, 2009 to January 31, 2013. Pl. Compl. ¶ 5, ECF No. 1.

In the parties' initial status report of May 27, 2015, the Department agreed to search components it determined are reasonably likely to maintain responsive records by July 31, 2015. Joint Status Report ¶ 2, May 27, 2015, ECF No. 10. Thereafter, the parties would meet and confer, and by August 14, 2015, file a status report identifying whether any further issues remain in the case, including whether dispositive motions are necessary, and proposing a schedule. *Id.* In the parties' status report of August 13, 2015, the Department indicated that it had completed its search and found no responsive records. Joint Status Report ¶ 3, Aug. 13, 2015, ECF No. 12.

The search included the following Department of State records systems: the Central Foreign Policy Records, the Retired Records Inventory Management System, the Bureau of Near Eastern Affairs, the U.S. Embassy in Cairo, Egypt, and the Office of the Executive Secretariat, including the emails that former Secretary Clinton provided to the Department in December, 2014, and emails the Department previously received from Ms. Abedin. *Id* ¶ 2.

However, due to Ms. Abedin's August 6, 2015 letter, through counsel, to the Department, indicating that she had potential federal records in her possession that she intended to turn over to the Department on or before August 28, 2015, the parties agreed to reconvene after August 28, 2015. *Id* ¶¶ 4-5. Then, on or before September 11, 2015, the parties would submit another status report. The parties expected that at that time the Department would be in a better position to provide Plaintiff and this Court with the estimated volume of potentially responsive documents received from Ms. Abedin, and a schedule to complete the search of these documents and production of any documents responsive to Plaintiff's request.[1] *Id* ¶ 5.

In the Coordination Motion, filed on September 2, 2015, the Department requests that the Court exercise its inherent authority to designate, pursuant to LCvR 40.5(e), 40.6(a), a coordinating judge for resolution and management of common issues of law, fact, and procedure across numerous FOIA suits, including this one. These cases, more than 30 in all, have been filed with this Court against the Department and implicate the search and production of responsive, non-exempt documents that were provided to the Department by former Secretary

---

[1] During the meet and confer prior to the parties' August 13, 2015 status report, Plaintiff's counsel asked if the Department would support a motion to consolidate this case with *Judicial Watch v. U.S. Dep't of State*, Civil No. 13-1363 (D.D.C.). Counsel for Defendant declined to support a motion to consolidate these two cases but noted that the Department was actively thinking about a consolidation strategy for all of the cases involving the emails of former Secretary Clinton.

Clinton and certain other former employees, including Ms. Abedin. Such common issues include the scheduling of searches of the recently provided documents, requests for information and discovery, and requests for orders relating to preservation. In each case, the transferring judge would retain the case for all other purposes, including searches for responsive records other than the recently provided documents. Once designated, the Coordinating Judge would determine how best to prioritize demands for searches of the recently provided documents in the different cases; the schedules established by the transferring judges for records other than the recently provided documents would remain undisturbed and under the jurisdiction of those transferring judges. Once searches of the recently provided documents are completed, the case would be sent back to the judge to whom the case is assigned, for summary judgment or other necessary proceedings, as appropriate.

## ARGUMENT

"[A] District Court has broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*, 299 U.S. at 254-55). Granting a stay in these circumstances is not an abuse of discretion so long as the length of the stay is not immoderate and the stay does not endure for an indefinite period of time absent a pressing need. *See Landis*, 299 U.S. at 255-56.

The Court should exercise that power and grant the stay requested here so the Coordinating Judge, if appointed, could establish a schedule to search the new documents from Ms. Abedin that takes into account the numerous FOIA suits currently in litigation in this District

that implicate those documents. A Coordinating Judge would be better able to balance the equities of the different FOIA plaintiffs and the Department, which is facing severe resource shortages. *See* Coordination Motion at 5-7. Likewise, if other issues arise regarding the search of these materials, such as requests for discovery or information about the technology practices at the Department—both issues Plaintiff has raised in similar cases—it would be far more efficient for the Coordinating Judge to hear argument and resolve them once, rather than for multiple judges to do so in multiple cases. *See* Coordination Motion at nn 13 & 14. As such, the Court should be given a chance to resolve the Coordination Motion before this Court addresses these issues in the instant case. *See, e.g.*, *Namociv v. Cooper Tire and Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) (staying proceedings pending a decision to consolidate cases because it is "necessary to ensure that, in the event consolidation of all cases for pre-trial is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted").

A stay pending resolution of the Coordination Motion would not prejudice plaintiff, especially given the need for efficient, consistent resolution of common issues across dozens of cases. *See Landis*, 299 U.S. at 256 (A plaintiff "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."). The monthly public release of emails provided to the Department by former Secretary Clinton would continue during this brief stay, and the Department is committed to completing the production of the documents produced by former Secretary Clinton by the end of January 2016. If the motion is granted, the coordinating judge can determine how to proceed; if not, this Court can adjust the schedule to account for the brief interruption. In neither event will the delay be extensive or prejudicial. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) (A stay is appropriate where "it appears likely the other

proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

## CONCLUSION

For the above-stated reasons, the Department respectfully moves that the Court stay proceedings in this case until the Coordination Motion is decided, and, if it is granted, until the Coordinating Judge issues an order determining how to proceed in the cases listed in that motion.

**Local Rule 7(m) Statement**

Pursuant to Local Rule 7(m), counsel for the Department of Justice contacted counsel for Judicial Watch about this motion on September 1, 2015. Plaintiff has not yet indicated whether it will oppose the motion. *See* Def.'s Notice of Mot. for Designation of Coordinating Judge, Schedule of Cases at 2, ECF No. 14 (stating plaintiff's position as to this case and its other pending FOIA cases against the Department).

Dated: September 3, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ *Andrew E. Carmichael*
VA Bar No. 76578
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm.7218
Washington, D.C. 20530
Tel: (202) 514-3346
Fax: (202) 305 2685
Email: andrew.e.carmichael@usdoj.gov

*Attorneys for Defendant*